# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jack Eugene Beadle, | Civil No. 24-cv-2045 (JWB/DJF) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Jared Rardin, | |
| Respondent. | |

This matter is before the Court on Plaintiff Jack Eugene Beadle's Petition for a Writ of Habeas Corpus Under § 2241 ("Petition") (ECF No. 1). For the following reasons, the Court recommends denying the Petition.

In May 2018, a grand jury in the U.S. District Court for the Southern District of Iowa indicted Mr. Beadle on possession with intent to distribute methamphetamine and marijuana ("Count 1"), possession of a firearm in furtherance of a drug-trafficking crime ("Count 2"), and being a felon in possession of a firearm and ammunition ("Count 3"). *See United States v. Beadle*, No. 18-cr-0112 (RGE/HCA) (S.D. Iowa May 23, 2018) (ECF No. 2) ("Indictment").[1] In November 2018, Mr. Beadle entered into a plea agreement under which he pled guilty to Counts 1 and 2 and the government dismissed Count 3. (*See id.* at ECF No. 58) ("Plea Agreement"). U.S. District Judge Rebecca Goodgame Ebinger sentenced Mr. Beadle to 180 months of imprisonment: 120 months for Count 1 and 60

---

[1] Citations to federal court filings use the pagination provided by the relevant district's CM/ECF filing system.

months for Count 2, "to be served consecutively." (*Id.* at ECF No. 91) ("Sentencing Order"). Mr. Beadle presently is incarcerated at the Federal Medical Center in Rochester, Minnesota. (*See, e.g.,* ECF No. 1 at 1.)

This Court received Mr. Beadle's Petition on May 30, 2024 (ECF No. 1). He challenges the BOPs calculation and execution of his sentence. (*See id.* at 1.) Mr. Beadle raises two arguments. First, he claims he is eligible to earn "FSA Time Credits" while he is serving his Count 1 sentence. (*Id.* at 6.) Second, he complains that he is "still scored (PATTERN) Medium Recidivism." *Id.* His concern appears to be that, to get a better PATTERN score, he needs to "take programs that count towards [his] needs assessment." *Id.* But since the programs are "provided on a first to be released basis" and Mr. Beadle is not scheduled to be released soon, he cannot get into them. *Id.*

I.     **FSA Time Credit Eligibility**

Under the First Step Act ("FSA"), 18 U.S.C. § 3632(d), the Bureau of Prisons has created various "incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs" and "productive activities." Among these are "time credits" under § 3632(d)(4)(A)(i), which provides that "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." But section 36362(d)(4)(D) makes prisoners ineligible to earn these credits if they are serving a sentence for a conviction under any of various listed statutes. As relevant here, the list includes 18 U.S.C. § 924(c), "relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii).

2

Mr. Beadle's conviction on Count 2 was a conviction under section 924(c). *See, e.g.*, *United States v. Beadle*, No. 18-cr-0112 (RGE/HCA) (S.D. Iowa May 23, 2018) (ECF Nos. 2 at 2, 91 at 2). Mr. Beadle's notes, however, that while part of his sentence is for a section 924(c) conviction, some of it is not. He argues he should be able to earn FSA time credits while he is serving the Count 1 portion of his sentence. (*See* ECF No. 1 at 6–7.) But under 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively … shall be treated for administrative purposes as a single, aggregate term of imprisonment," and numerous courts have determined that section 3584(c) forecloses the exact argument Mr. Beadle raises here. *See Walton v. Fikes*, No. 22-cv-1998 (JWB/TNL), 2023 WL 6283298, at *1 (D. Minn. Aug. 10, 2023) ("As far as this Court can tell, every court to consider the question … has concluded that the effect of § 3584(c) is to exclude prisoners in [the petitioner's] situation from eligibility under [§ 3632(d)(4)(A)]." (collecting cases)), *report and recommendation adopted*, 2023 WL 6282897 (D. Minn. Sept. 26, 2023); *see also, e.g.*, *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (affirming denial of petition raising a similar argument). Because the law on this question clearly forecloses Mr. Beadle's FSA time credit argument, the Court recommends denying it on that basis.

## II.   PATTERN Score

Mr. Beadle's contention that he should be admitted to the programs necessary to reduce his PATTERN score fails for a different reason: He has not established that he properly exhausted this claim. (*See generally* ECF No. 1-1 at 8–26.) A prisoner generally must "exhaust" his administrative remedies by raising his claims through the prison

3

system's administrative processes before he brings the claims to federal court on a petition under section 2241. *See, e.g.*, *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing cases); *Wilson v. Rardin*, No. 23-CV-1653 (PAM/ECW), 2024 WL 2222488, at *6 (D. Minn. Apr. 15, 2024) (same), *report and recommendation adopted*, 2024 WL 2220748 (D. Minn. May 15, 2024).

Mr. Beadle is obviously familiar with the BOP's administrative remedy system. Indeed, he claims to have exhausted both the Petition's arguments and attempts to demonstrate he has met the exhaustion requirement through his submissions. (*See* ECF No. 1-1.) Although these filings show Mr. Beadle exhausted his administrative remedies as to the FSA credit eligibility issue discussed above, they also indicate he did *not* exhaust his PATTERN score claim. (*See, e.g.*, ECF No. 1-1 at 11, 18, 22, 24, Mr. Beadle's administrative appeals at multiple levels, including no PATTERN score discussion.) The Court recommends denying Mr. Beadle's PATTERN score claim for these reasons.[2] The Court accordingly recommends denying the Petition in its entirety.

---

[2] The exhaustion requirement for section 2241 petitions is a judicially created doctrine admitting of "sound judicial discretion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). In deciding whether to exercise this discretion, courts must "balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146. Thus, in some cases courts have held that a prisoner need not exhaust his administrative remedies because time constraints apply, or because going through administrative proceedings would be futile. *See, e.g.*, *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). The Court finds neither of these exceptions applies in this instance, however.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Jack Eugene Beadle's Petition for a Writ of Habeas Corpus Under § 2241 (ECF No. 1) be **DENIED**; and

2. This matter be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 20, 2024
*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).